**TOLL ROAD STONE COMPANY, Appellant,**

**v.**

**Phillip COX et al., Appellees.**

Court of Appeals of Kentucky.

May 12, 1967.

---

William Lehnig, Louisville, for appellant.

Robert C. Carter, Glasgow, for appellees.

MILLIKEN, Judge.

This is an appeal of a judgment affirming an award of the Workmen's Compensation Board for a total permanent disability.

Phillip Cox, the appellee, was the operator of heavy road building equipment, was twenty-two years old in October, 1961, when his injury occurred, and had an average weekly wage of $170. The Full Board delayed its conclusion until an examination by a physician appointed by it and the receipt of his report, then awarded Cox $36 a week for 425 weeks after approving the finding of its referee that Cox was totally and permanently disabled from further performing

the type of work required of an operator of heavy road building equipment and we think, as did the trial court, that there is sufficient evidence to sustain the Board's award.

The thrust of appellant's contention is that there was not sufficient probative evidence to justify the extent of the award, and appellant points to the fact that Cox was inducted into the army after his injury and served in Europe until his discharge in April, 1965. Except for Cox's operation of a jeep while in military service, there is no elaboration of the extent of his activities during his service. We are left with the usual question of whether the medical testimony was of sufficient probative value to sustain the award, an award which was rendered by the Full Board after Cox's return from military service and after his examination by a Board-appointed orthopedist. All other salient facts were stipulated.

Two general practitioners, who had treated Cox after he had the hernia he received in the accident corrected by surgery, concluded that he was unable to do heavy work. One said that Cox had symptoms of intervertebral disc injury, for he complained of backache and pain down his leg and muscle spasms in the lower back were visible. This physician referred Cox to a Nashville neuro-surgeon for consultation who found no muscle spasm but tenderness over the lumbosacral joint space. The Nashville specialist recommended certain exercises to strengthen ligaments and muscles around the area of the lumbar spine to prevent or contain possible disc protrusion. This specialist thought Cox could operate heavy equipment so long as it involved no heavy lifting and he sat on a substantial cushion. The general practitioner found no improvement in Cox during the six months' period in which he treated him.

Another physician who treated Cox in 1962 and 1963 X-rayed him and found no bone injury, but did find tenderness over the lumbosacral region. When Cox showed no improvement, the doctor concluded that Cox had suffered a sacroiliac joint injury and that he had in all probability a permanent injury to his hip joint. He said that Cox could not operate heavy road equipment.

Even one of the employer's medical witnesses admitted he found tenderness in the lower back and minimal objective signs of nerveroot involvement in the lower spine, mild restriction of movement in the right sacral area, and impaired sensation in the right foot. X-ray photographs taken several months apart indicated minimal nerve involvement and no change of condition. He opined that Cox either had a mild disc lesion or maladjustment, or residual nerveroot involvement. He thought Cox's condition needed further looking into.

The orthopedist appointed by the Board said his X-ray photographs revealed Cox had a moderately degenerative lumbosacral disc interspace which might or might not be related to the accident. He found indications of nerveroot irritation, but that his physical findings did not confirm disc trouble. He thought Cox could resume his work in all probability, for he thought that the mild narrowing of the interspace revealed by the X-rays was not necessarily of significance. He concluded that if Cox really had a disc injury he would not be able to handle heavy equipment.

We conclude that there was substantial evidence to sustain the award and, therefore, the judgment is affirmed.

All concur.